**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| ARETHA COOPER-HILL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. : _____ |
| v. | ) | |
| | ) | |
| HANCOCK COUNTY BOARD OF COMMISSIONERS, HANCOCK COUNTY BOARD OF ELECTIONS and REGISTRATION OFFICE, NANCY STEPHENS, individually, and KATHY RANSOM, Individually. | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT FOR DAMAGES

**(Race, Age and Disability Discrimination and Retaliation in County Employment)**

COMES NOW, Plaintiff, ARETHA COOPER-HILL, (hereinafter "Plaintiff" or "Ms. Hill"), by and through undersigned counsel, and files this, her Complaint for Damages, and respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq**.**, and 42 U.S.C. § 1981a, the Age Discrimination in Employment Act, 29 USC §621, et seq., and the Rehabilitation Act, 29 USC § 701 et seq., to remedy acts of employment discrimination and retaliation perpetrated against her by Hancock County Board of Elections (hereinafter "Defendant BOER") and two of its members, Kathy Ransom (hereinafter "Defendant Ransom") and Nancy Stephens (hereinafter "Defendant Stephens") .

2.

Plaintiff contends that Defendants BOER, Ransom, and Stephens discriminated against her by terminating her from her position as Chief Election and Registration Supervisor for over 40 years due to her not agreeing to purge voter registrations. Further, the Defendants discriminated against Plaintiff because of her race (African-American) to cover up illegal activities initiated by Defendants Ransom and Stephens, her age over 60, and her disability at the time of employment because she has cancer. Plaintiff further asserts that Defendant Hancock County Board of Commissioners (hereinafter "Defendant HCBC") and Defendant BOER retaliated against her for having complained about such discrimination, created a hostile working environment for her, caused her to suffer major depression, failed to provide reasonable accommodations while disabled, punished her for complaining about the discriminatory practices and disparate treatment and finally, terminated her employment.

3.

The unlawful employment practices alleged in this Complaint were committed within this District where Plaintiff was terminated.

4.

Specifically, the unlawful employment practices alleged herein were committed at the offices of Defendant Hancock County Board of Elections & Registration which is located at 10571 Hwy 15 North, Sparta, Hancock County, Georgia 31087.

5.

Plaintiff was employed by Defendant HCBC, and worked as the Elections Supervisor for Defendant BOER in Hancock County, Georgia at the time of her termination. Further, Plaintiff's employment records are maintained by Defendant HCBC in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

6.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f) venue is appropriate in this Court.

**PARTIES**

7.

Plaintiff is an African-American female citizen of the United States of America, and a current resident of the State of Georgia, in Hancock County who is at least 40 years old. At all times relevant to this suit, until her termination on April 23, 2015, she was employed by Defendant HCBC, and worked as the Chief Deputy Registrar of the Hancock County Board of Elections and Registration. The BOER was created July 1, 2011 after an act establishing the Board, and the entity and act was approved by the Georgia General Assembly. After the BOER was created, the Plaintiff was then appointed to the position of Elections Supervisor. She was voted to serve as the Election Supervisor by the votes from the majority African-American Board members. This also included the then current Chairlady Annette Waddell, who was also African American.

8.

During Plaintiff's employment with Defendant HCBC and BOER, at all times material hereto, Plaintiff was a resident of the State of Georgia and accordingly is subject to the jurisdiction of this Court.

9.

Defendant HCBC is a local county government entity located in the State of Georgia, and at all times material hereto has conducted business within this District. This Defendant may be served with process by delivering a copy of the summons and Complaint to its Chairlady, Sistie Hudson at the Hancock County Courthouse, 9031 Broad Street, Sparta, GA 31087.

10.

Defendant Stephens is a member of the BOER. She is being sued in her individual capacity as well.  This Defendant may be served with a copy of the summons and Complaint at 309 Roy Smith Road, Sparta, GA 31087.

11.

Defendant Ransom is the Chairlady of the BOER. She is also being sued in her individual capacity as well. Defendant BOER may be served with a copy of the summons and Complaint upon its agent, Defendant Ransom or the Election Supervisor, located at 10571 Hwy 15 N, Sparta, GA 31087. Defendant Ransom, in her individual capacity may be served with a copy of the summons and Complaint at 12445 Broad Street, Sparta, GA 31087.

12.

Defendants HCBC and BOER are now, and at all times relevant hereto, have been an employer engaged in an industry affecting commerce within the meaning of §§701(b), (g) and (h) of Title VII, 29 U.S.C. §§ 2000e(b), (g) & (h), and has employed more than fifteen (15) persons for the requisite duration under Title VII.

## ADMINISTRATIVE PROCEDURES

13.

Plaintiff timely filed a Charge of Discrimination against Defendant BOER and Defendant HCBC with the Equal Employment Opportunity Commission (hereinafter "EEOC") on November 5, 2015.

14.

The EEOC issued a "Notice of Right to Sue" dated October 23, 2017 entitling an action to be commenced within ninety (90) days of Plaintiffs' receipt of that notice; this action follows accordingly.

**FACTUAL ALLEGATIONS**

15.

Defendant HCBC first hired Plaintiff on approximately August 17, 1977 as the Clerk of the Board of Registrars, a position that was performed by her until Plaintiff was promoted to Deputy Registrar.  Plaintiff work as a Deputy Registrar until the BOER appointed her the position of Elections Supervisor in August of 2011.  This was after the creation of the BOER which was a part of the Hancock County Government on July 1, 2011.  The position of the Election Supervisor by its newly appointed board pursuant to the Senate Bill 173, Section 11, lines 108(a)-113, states *"The board shall be authorized to appoint an election supervisor to generally supervise, direct and control the administration of the affairs of the board pursuant to law and duly adopted resolutions of the board.  The elections supervisor shall be considered an employee of Hancock County and shall be entitled to the same benefits as other employees of Hancock County."*  **(See Exhibit "A")**

16.

Defendant Stephens had started exhibiting prejudice and discriminatory behavior prior to the creation of the BOER and her appointment as a member.  After becoming a member of the BOER, Defendant Stephens continued to threaten, bully, harass, and intimidate Plaintiff at the office on a weekly basis. She started a pattern of coming into the office on a regular basis interrupting the daily operations of the office and making demands that were contrary to the Georgia Election Code and in violation of her office as a board member.  Plaintiff informed the other Board members of Defendant Stephens' actions, however she did not cease from her harassment, retaliation and mere racial discrimination.

17.

Plaintiff was given her first evaluation after the new BOER Chairlady Defendant Ransom and Vice Chairlady Defendant Stephens took their positions in office January 2, 2015. The evaluation was completed on Plaintiff's performance on April 8, 2015.

18.

On April 21, 2015, Plaintiff was presented with evaluations from Defendant Ransom, Defendant Stephens and BOER member Jim Youmans, who are all Caucasian members of the Board and indicated that Plaintiff was not performing well. These individuals did not have any information regarding Plaintiff's thirty-seven year tenure, nor her work ethics.

19.

Over the course of 37 years the Plaintiff had never been given any written warnings, write-ups, suspensions, or any type of disciplinary actions; however, one evaluation completed by three Caucasian members of the BOER resulted in the termination of the Plaintiff.

20.

These evaluations were done and used in an attempt to terminate Plaintiff from her position as Election Supervisor, in an elaborate scheme for the BOER's Caucasian majority members to purge and remove from the voter registration list, African American Citizens of Hancock County, in violation of their right to vote. Both the BOER and HCBC were sued previously for purging and removing individuals from the voter registration list.

21.

Defendant Ransom performed an evaluation of Plaintiff without having any knowledge of Plaintiff's thirty-seven years of employment and her capabilities, which was racially motivated to get Plaintiff terminated from her position of Elections supervisor in order for the Caucasian board members could purge votes, because the Plaintiff refused to do those illegal acts.

22.

Plaintiff was terminated publicly at the BOER board meeting held on April 23, 2017, out of formality of the termination process, and the BOER members gave a celebration party after the meeting.

23.

Although Plaintiff was the Election Supervisor she was subjected to an environment wherein BOER members Defendant Ransom and Defendant Stephens who are Caucasians, discriminated against her in the fact that they began to retaliate against Plaintiff for complaining to the BOER members for several acts of racial discrimination and harassment that she had been subjected to since her employment.

24.

Defendant Stephens always interfered with Plaintiff's duties as Elections Supervisor. She would take Supervisor cards for the Logic and Testing of the DRE machines while Plaintiff was doing the inventory and hide the cards. When Plaintiff was ready to perform the testing, she would not be able to perform her job duties in a timely manner due to the cards being missing. Defendant Stephens then filed a complaint with the Secretary of State and told the officials that the testing was not completely timely, when she was the one who had taken the Supervisor cards and hid them. This was an act of racial discrimination, and also a violation of the Georgia Election Code. Merely stating, Defendant Stephens was just fishing for a way to get Plaintiff terminated.

25.

Defendant Stephens always made complaints to the Georgia Secretary of State that were fraudulent and unsubstantiated.  Plaintiff was never charged and always cleared; however, Defendant Stephens made it her business to harass and discriminate against Plaintiff on a regular basis, because Plaintiff would not purge any votes.

26.

Plaintiff was qualified for this position because Plaintiff had received an election certification from the Secretary of State for the County and City Elections.  The County Elections could not be held without the State of Georgia Election Certification.  There were only three people in Hancock County with this certification: Plaintiff, Robin Rhodes and former Probate Judge Marva Rice.

27.

Plaintiff also believes that Defendant BOER and HCBC have discriminated upon her due to her disability. Plaintiff was diagnosed with cancer while as an employee of BOER, and would have to be off from work for her treatment sessions. It is Plaintiff's belief that the BOER also no longer wanted her to remain in her position due to her physical health.

28.

Defendants tried to keep the Plaintiff from applying for the position of Elections Supervisor while she was on medical leave for cancer. They did not inform her that she needed to apply for the position of Election Supervisor, and would have preferred to give the position to a Caucasian. However, Plaintiff had an African-American employee of the BOER bring her an application to fill out. After Plaintiff was terminated, she suffered from anxiety, stress, and her health worsened, because she did not have any health insurance or benefits to control her cancer. Plaintiff lost her benefits when she was terminated.  Defendants HCBC and BOER were aware of Plaintiff's terminal illness, and did not make any accommodations for her to maintain some type of insurance through this process.  Let alone, the Defendant's no longer wanted that burden to have to maintain coverage for such illness.

29.

Further, Defendants BOER and HCBC both knew that Plaintiff was over the age of 60 and

getting close to retirement. However, the Defendants didn't want Plaintiff to retire, but rather terminate her for actions she did not commit. All of these retaliatory reactions from Defendants were orchestrated to terminate Plaintiff due to her race, age, and disability, because Plaintiff would not carry out the illegal actions the Defendants wanted her to do.

30.

As of today, Plaintiff continues to serve as an Election Supervisor for the City of Sparta, just not for Defendant BOER

## COUNT 1

### (Racial Discrimination in violation of Title VII of the Civil Rights Act, 42 USC 2000e. et seq.)

31.

Plaintiff re-alleges and incorporate the preceding paragraphs as if set forth fully herein.

32.

The Defendants' conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory animus.

33.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

34.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her race.

35.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

36.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

**COUNT 2**

**(Age Discrimination in Violation of the**

**Age Discrimination in Employment Act (ADEA) 29 USC 621)**

37.

Plaintiff re-alleges and incorporate the preceding paragraphs as if set forth fully herein.

38.

The Defendants' conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

39.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff's age was undertaken in bad faith.

40.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her age.

41.

As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

42.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT 3

### (Reprisal for Engaging in Protected Activities)

43.

Plaintiff re-alleges and incorporate the preceding paragraphs as if set forth fully herein.

44.

Defendants discriminated against Plaintiff and, in failing and refusing to take any appropriate remedial action to address the unlawful employment practices, not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

45.

The Defendants' conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' retaliatory animus.

46.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and are liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

## COUNT 4

**(Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 710 et seq.)**

47.

Plaintiff re-alleges and incorporate the preceding paragraphs as if set forth fully herein.

48.

Defendants have discriminated against Plaintiff by denying her reasonable accommodation for her disabilities, including occupational stress, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as amended.

49.

Defendants have conducted themselves intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiff.

50.

By reason of Defendants' discrimination, Ms. Hill is entitled to all legal and equitable remedies available under the Rehabilitation Act.

51.

Attorney's fees should be awarded under 29 U.S.C. § 794(a) (1).

## COUNT 5

**(Race and Disability Discrimination in violation of the Georgia Fair Employment Act of 1978 (hereinafter "FEPA),** *O.C.G.A. § 45-19-29*)

52.

Plaintiff re-alleges and incorporate the preceding paragraphs as if set forth fully herein.

53.

The Defendants' conduct as alleged at length herein constitutes discrimination based on race and

disability in violation of FEPA. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory animus.

54.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

55.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her race and disability.

56.

As a direct and proximate result of Defendants' violation of FEPA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

57.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

### COUNT 6

**(Age Discrimination in violation of the Georgia Age Discrimination Act (hereinafter "GADA), *O.C.G.A. § 34-1-2*)**

58.

Plaintiff re-alleges and incorporate the preceding paragraphs as if set forth fully herein.

59.

The Defendants' conduct as alleged at length herein constitutes discrimination based on age in violation of GADA. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory animus.

60.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

61.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her age.

62.

As a direct and proximate result of Defendants' violation of FEPA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

63.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT 7

**(Reprisal for Engaging in Protected Activities)**

64.

Plaintiff re-alleges and incorporate the preceding paragraphs as if set forth fully herein.

65.

Defendants discriminated against Plaintiff and, in failing and refusing to take any appropriate remedial action to address the unlawful employment practices, not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the statutory and federally protected rights of Plaintiff.

66.

The Defendants' conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by FEPA and GADA. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' retaliatory animus.

67.

Accordingly, since federal law prevails over state law in this instance, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and are liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. §1981a(a)(1). Further, the Defendants are in violation of state laws under *O.C.G.A. §§ 34-1-2 and 45-19-29*. Plaintiff reserves all statutory claims in the event that this case be transferred to the local court.

**COUNT 8**

**(Hostile and Abusive Working Environment)**

68.

Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth fully herein.

69.

The Defendants' conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII, Rehabilitation Act, ADEA and FEPA. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

70.

Plaintiff reserves the right to amend this Petition as needed.

*{Signature on following page}*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

a. General damages for mental and emotional suffering caused by Defendants' misconduct;

b. Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

c. The sum of $300,000.00 in compensatory damages suffered because of the discrimination and retaliation;

d. costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon;

e. Trial by jury as to all issues;

f. Prejudgment interest at the rate allowed by law;

g. Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

h. Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and,

i. All other relief to which she may be entitled.

Respectfully submitted this <u>19th</u> day of <u>January</u> 2018.

/s/LaToya A. Hutchinson_____
Georgia State Bar No. 564338
Attorney for the Plaintiff

*Law Offices of LaToya A. Hutchinson, P.C.*
P.O. Box 135
Greensboro, Georgia 30642
(P) 706-453-9055
(F) 706-453-4156

## VERIFICATION

Personally appeared ARETHA COOPER-HILL before the undersigned, who is duly authorized to administer oaths, after being sworn he states that the facts contained in the *COMPLAINT FOR DAMAGES (Race and Disability Discrimination and Retaliation in County Employment)* are true and correct to the best of her knowledge and belief.

This 12 day of Jan., 2018.

_____
ARETHA COOPER-HILL

Sworn to and subscribed
Before me this 12th day of January, 2018.

_____
NOTARY PUBLIC

MY COMMISSION
EXPIRES
AUGUST 7, 2021